**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

**NUTRIEN AG SOLUTIONS,
F/K/A CROP PRODUCTION SERVICES, INC.**

**Plaintiff,**

**v.** **Case No:**

**PAUL LOGSDON INC.,**
Serve at:
Mr. Paul Logson
18916 State Hwy P
Canton, MO 63435-3611

**and**

**PAUL LOGSDON**
Serve at:
Mr. Paul Logson
18916 State Hwy P
Canton, MO 63435-3611

**Defendants.**

**COMPLAINT**

Plaintiff Nutrien Ag Solutions f/k/a Crop Production Services, Inc. ("Plaintiff"), by and through its attorneys BLANTON, NICKELL, COLLINS, DOUGLAS & HANSCHEN, L.L.C., for its cause of action against Defendants Paul Logsdon and Paul Logsdon, Inc. states:

**Parties**

1. Plaintiff is, and at all times relevant hereto has been, a Corporation created by and existing under the laws of the State of Delaware, with its principal place of business in Loveland, Colorado.

2. Defendant Paul Logsdon, Inc. is a corporation organized under and existing pursuant to the laws of the State of Missouri, with its principal place of business in Canton, Missouri.

3. Upon information and belief, Defendant Paul Logsdon is a resident of Scotland County, State of Missouri.

4. Upon information and belief, Paul Logsdon is the sole shareholder of Paul Logsdon, Inc.

5. The causes of action contained herein arise out of account agreements executed in the County of Canton, State of Missouri, for agricultural materials supplied to Paul Logsdon, Inc. for farming and operation of crop farming in Canton, Lewis, and Clark counties, State of Missouri.

**Jurisdiction and Venue**

6. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as it is between citizens of different states, and the aggregate amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2).

**Allegations Common to All Counts**

8. On or before August 19, 2015, Defendant Paul Logsdon, Inc. filed an application and Customer Profile with Plaintiff to request a credit account with a $50,000.00 limit. Thereafter, Plaintiff entered into a contract ("Agreement A") with Paul Logsdon, Inc. to supply agricultural materials and services for farming operations on credit. A true and accurate copy of this Agreement A is attached hereto as "Exhibit A" and incorporated herein by reference.

9. Paul Logsdon individually guaranteed the payment and performance of all obligations owed to Plaintiff for products, services, and collection expenses. See Exhibit A.

10. Pursuant to Agreement A, Paul Logsdon, Inc. agreed to pay to Plaintiff on terms of Net 30 days on all charged materials. See Exhibit A.

11. Agreement A also provided that any unpaid balances would be subject to a 2% per month (24% percent APR) finance charge. See Exhibit A.

12. Agreement A further provided for recovery of collection costs, including reasonable attorneys' fees. See Exhibit A.

13. Thirty-Three Thousand Four Hundred Twenty-Seven Dollars and Five cents ($33,427.05) remains due and owing pursuant to Agreement A for materials and/or services supplied to Paul Logsdon, Inc. See Exhibit A.

14. On or before April 19, 2018, Paul Logsdon, Inc. filed a second credit application and Customer Profile with Plaintiff, seeking a $300,000.00 account limit. Thereafter, Plaintiff entered into a second contract ("Agreement B") with Paul Logsdon, Inc. to supply agricultural materials and services for farming operations on credit. A true and accurate copy of Agreement B is attached hereto as "Exhibit B" and incorporated herein by reference.

15. Pursuant to Agreement B, Paul Logsdon, Inc. agreed to pay to Plaintiff on terms of Net 30 days on all charged materials. See Exhibit B.

16. Agreement B also provided that any unpaid balances would be subject to a 2% per month (24% percent APR) finance charge. See Exhibit B.

17. Agreement B further provided for recovery of collection costs, including reasonable attorneys' fees. See Exhibit B.

18. Two Hundred Forty-Six Thousand Five Hundred and Seventy-Seven Dollars and Eleven cents ($246,577.11) remains due and owing pursuant to Agreement B for materials and/or services supplied to Paul Logsdon, Inc. See Exhibit B.

**Count I - Breach of Contract and Petition on Account**
**(against Paul Logsdon, Inc.)**

19. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 18 above.

20. Plaintiff fully and faithfully performed its part of Agreement A and supplied all of the services, labor and materials required by the contract, and in all respects performed all the conditions of the Agreement on its part to be performed.

21. Plaintiff has given Paul Logsdon, Inc. credit for all payments and other credits due on this account and the balance remaining due on said account, including interest and service charges, is in the amount of Thirty-Three Thousand Four Hundred Twenty-Seven Dollars and Five cents ($33,427.05).

22. Plaintiff further states that the prices charged for the said goods delivered and sold are and were, at the time when said goods were delivered and sold, reasonable and proper, and Paul Logsdon, Inc. promised and agreed to pay the same.

23. Plaintiff further states that Paul Logsdon, Inc. agreed to interest on the unpaid portions of the account at 2% per month (24% percent APR), or as allowed by statute, Thirty-Three Thousand Four Hundred Twenty-Seven Dollars and Five cents ($33,427.05), plus applicable service charges, plus interest as agreed upon, or as allowed by statute, and for its costs expended herein, and the same remains due and unpaid.

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Paul Logsdon, Inc. for actual damages in the amount of Thirty-Three Thousand Four Hundred

Twenty-Seven Dollars and Five cents ($33,427.05), plus interest as specified by the account or allowed by statute, for its attorneys' fees and costs of suit, and for such other and further relief as this Court deems just and proper.

**Count II - Breach of Guaranty**
**(against Paul Logsdon)**

24. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 23 above.

25. Paul Logsdon, individually, executed a guaranty of the obligations to Plaintiff in Agreement A. See Exhibit A.

26. Paul Logsdon unconditionally delivered the guaranty to Plaintiff. See Exhibit A.

27. Plaintiff, in reliance on the guaranty, thereafter extended credit to Paul Logsdon, Inc. under Agreement A.

28. Pursuant to Agreement A, there is currently due and owing to Plaintiff Thirty-Three Thousand Four Hundred Twenty-Seven Dollars and Five cents ($33,427.05).

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Paul Logsdon for actual damages in the amount of Thirty-Three Thousand Four Hundred Twenty-Seven Dollars and Five cents ($33,427.05), plus interest as specified by the account or allowed by statute, for its attorneys' fees and costs of suit, and for such other and further relief as this Court deems just and proper.

**Count III - Breach of Contract and Petition on Account**
**(against Paul Logsdon, Inc.)**

29. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 28 above.

30. Plaintiff fully and faithfully performed its part of Agreement B and supplied all of the services, labor and materials required by the contract, and in all respects performed all the conditions of Agreement B on its part to be performed.

31. Plaintiff has given Paul Logsdon, Inc. credit for all payments and other credits due to Paul Logsdon, Inc. on this account and the balance remaining due on said account, including interest and service charges, is in the amount of Two Hundred Forty-Six Thousand Five Hundred and Seventy-Seven Dollars and Eleven cents ($246,577.11).

32. Plaintiff further states that the prices charged for the said goods delivered and sold are and were, at the time when said goods were delivered and sold, reasonable and proper, and Paul Logsdon, Inc. promised and agreed to pay the same.

33. Plaintiff further states that Paul Logsdon, Inc. agreed to interest on the unpaid portions of the account at 2% per month (24% percent APR), or as allowed by statute, Two Hundred Forty-Six Thousand Five Hundred and Seventy-Seven Dollars and Eleven cents ($246,577.11), plus applicable service charges, plus interest as agreed upon, or as allowed by statute, and for its costs expended herein, and the same remains due and unpaid.

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Paul Logsdon, Inc. for actual damages in the amount of Two Hundred Forty-Six Thousand Five Hundred and Seventy-Seven Dollars and Eleven cents ($246,577.11), plus interest as specified by the account or allowed by statute, for its attorneys' fees and costs of suit, and for such other and further relief as this Court deems just and proper.

**Count IV - Breach of Guaranty**
**(against Paul Logsdon)**

34. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 33 above.

35. Paul Logsdon, individually, executed a guaranty of all of the obligations of Paul Logsdon, Inc. for products and services supplied by Plaintiff. See Exhibit A.

36. Paul Logsdon unconditionally delivered the guaranty to Plaintiff. See Exhibit A.

37. Plaintiff, in reliance on the guaranty, thereafter extended credit to Paul Logsdon, Inc. under Agreement B.

38. Pursuant to Agreement B, there is currently due and owing to Plaintiff a balance of Two Hundred Forty-Six Thousand Five Hundred and Seventy-Seven Dollars and Eleven cents ($246,577.11).

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Paul Logsdon, Inc. for actual damages in the amount of Two Hundred Forty-Six Thousand Five Hundred and Seventy-Seven Dollars and Eleven cents ($246,577.11), plus interest as specified by the account or allowed by statute, for its attorneys' fees and costs of suit, and for such other and further relief as this Court deems just and proper.

**Count V - Unjust Enrichment**
**(against Paul Logsdon, Inc. and Paul Logsdon)**

39. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 38 above.

40. Plaintiff provided Defendants with material benefits of fertilizer, chemicals, seed, and related products and services.

41. Said fertilizer, chemicals, seed, and related products and services had a value of Two Hundred Eighty Thousand and Four Dollars and Sixteen cents ($280,004.16).

42. Defendants accepted and retained said benefits for use in their farming operations.

43. Plaintiff demanded payment for the fertilizer, chemicals, seed, and related products and services, but Defendants failed to pay.

44. As a direct and proximate result of Defendants' failure and refusal to pay the amount which is due and owing to Plaintiff, Defendants have been unjustly enriched in the amount of Two Hundred Eighty Thousand and Four Dollars and Sixteen cents ($280,004.16), plus interest as allowed by statute.

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Defendant for actual damages in the amount of Two Hundred Eighty Thousand and Four Dollars and Sixteen cents ($280,004.16), plus interest as allowed by statute, for its attorney's fees and costs of suit, and for such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**BLANTON, NICKELL, COLLINS**
**DOUGLAS & HANSCHEN, L.L.C.**
**219 S. Kingshighway**
**Post Office Box 805**
**Sikeston, MO 63801**
**Phone: (573)471-1000**
**Fax:(573)471-1012**

**By: /s/ Diedre A. Peters**
**Patrick R. Douglas #51788MO**
**Diedre A. Peters #68319MO**

**Attorneys for Plaintiff Nutrien Ag Solutions f/k/a Crop Production Services, Inc.**